IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RENE MARIE SCOTT, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Civil Action No. 10-1257 |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY, | ) ) ) ) |
| Defendant. | ) |

O R D E R

AND NOW, this 3rd day of January, 2012, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision, denying plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. §401, et seq., and denying plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. §1381, et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. §405(g); Jesurum v. Secretary of U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). See also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the

evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1]

As stated above, substantial record evidence supports the decision of the Administrative Law Judge ("ALJ") that Plaintiff is not disabled under the Social Security Act (the "Act"). The Court notes, however, that Plaintiff appears to request that the Court consider documents that were presented to the Appeals Council, but that were not considered by the ALJ in issuing her November 25, 2008 opinion. It is well-established that evidence that was not before the ALJ cannot be considered by a district court in its determination of whether or not the ALJ's decision was supported by substantial evidence. See Matthews v. Apfel, 239 F.3d 589, 594 (3d Cir. 2001). Accordingly, the Court cannot rely on these documents in making its determination here.

However, a district court can remand a case on the basis of new evidence under sentence six of 42 U.S.C. § 405(g). Section 405(g) provides, in relevant part:

> [The court] may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for failure to incorporate such evidence into the record in a prior proceeding.

Here, though, Plaintiff does not request a remand based on new evidence.

Regardless, although Plaintiff has not specifically asked this Court for a remand based on new evidence, even if she had, the Court would deny the request because Plaintiff has failed to meet her burden to prove that such a remand is warranted. To remand a case based on new evidence which has not been presented to the ALJ, the Court must determine that the following criteria have been met: First, the evidence must be new and not merely cumulative of what is in the record. Second, the evidence must be material. This means that it must be relevant and probative, and there must be a reasonable possibility that the new evidence would have changed the outcome of the determination. Third, the plaintiff must demonstrate good cause for not having incorporated the new evidence into the administrative record. See Matthews, 239 F.3d at 594; Szubak v. Secretary of Health & Human Services, 745 F.2d 831, 833 (3d Cir. 1984).

The Court will assume that the records from Dr. Thomas Medsger and Dr. Helen Davis contain new information, as they contain information that post-dates the hearing before the ALJ. Nonetheless, even if this information is new, it is not material. Nothing in the records submitted to the Appeals Council sets forth any occupational limitations, and nothing in the records supports Plaintiff's argument that her impairments meet Listing 14.04. Therefore, there is no reasonable possibility that the material would have changed the outcome of the determination, and remand is not warranted based on this evidence.

Therefore, IT IS HEREBY ORDERED that plaintiff's Motion for Summary Judgment (document No. 12) is DENIED and defendant's Motion for Summary Judgment (document No. 14) is GRANTED.

<u>s/Alan N. Bloch</u>
United States District Judge

ecf:   Counsel of record